IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KEN YEO,                                                                     3:08-cv-01317-AC

                        Plaintiff,                                    OPINION AND ORDER

        v.

WASHINGTON COUNTY,
MULTNOMAH COUNTY, and
PRISON HEALTH SERVICES, INC.,

                        Defendants.

_____

ACOSTA, Magistrate Judge:

                                        *Introduction*

        This motion for entry of judgment pursuant to Federal Rule of Civil Procedure ("Rule") 54(b)

comes before the court in response to the court's Opinion and Order issued on March 24, 2011,

which granted summary judgment in favor of Defendants Prison Health Services, Inc. ("PHS") and

OPINION AND ORDER                           1                                    {WSB}

Washington County ("WC") (collectively "Defendants").

*Legal Standard*

Under Rule 54(b):

> when an action presents more than one claim for relief – whether as a claim, counterclaim, or third-party claim – or when multiple parties are involved, the court may direct an entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b).

To grant a Rule 54(b) motion, a district court must "first determine that it has rendered a 'final judgment,' that is, a judgment that is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Wood v. GCC Bend*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss-Wright Corp. V. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). Next, the court must determine "whether there is any just reason for delay." *Id.* The district court possesses the discretion to determine "the appropriate time" when each "final decision in a multiple claims action is ready for appeal." *Id.* (quoting *Curtiss-Wright*, 446 U.S. at 8). Granting a Rule 54(b) motion is not routine, nor should it become so. *Id.* at 879. "Sound judicial administration does not require that Rule 54(b) requests be granted routinely." *Id.*

In order to determine "whether there is any just reason for delay," *id.* at 878, the district court should consider both sound judicial administration and the equities involved, *Curtiss-Wright*, 446 U.S. at 8. With regard to sound judicial administration, it is proper to consider "whether the claims under review [are] separable" and whether granting the 54(b) request might result in duplication of

proceedings, e.g., multiple appellate decisions on the same issues of law or fact. *Id.* The similarity

of legal or factual issues weigh heavily against granting Rule 54(b) requests. *Wood*, 422 F.3d at 882

(quoting *Morrison-Knudsen v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)).    Preventing the

duplication of proceedings "is necessary to assure that application of the Rule effectively 'preserves

the historic federal policy against piecemeal appeals.'"  *Curtiss-Wright*, 446 U.S. at 8 (quoting

*Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).

*Discussion*

The first issue that should be discussed is whether there has been a final judgment.  Summary

judgment has been granted in favor of Defendants on all claims.  This issue is not contested, and

does not require further discussion.

Next, the court must decide whether there is any just reason for delay.  Defendants argue that

the adjudicated claims against PHS and WC are "factually and legally separate and severable from

those remaining against" Multnomah County ("MC").  (Defs.' Reply Br. ("Defs." Rep.") 6.)

Additionally, Defendants argue that denying the motion could result in two separate trials, which

would be an undue burden to the court, and Defendants, "and would prejudice their right to a timely

adjudication of the claims against them." (Defs.' Rep. 6.)  Thus, Defendants argue, because the

claims are legally and factually separable and because Defendants' should not be subject to an undue

burden or have their right to timely adjudication prejudiced, sound judicial administration and the

equities require judgment be granted under Rule 54(b).

In *Wood v. GCC Bend*, a 2005 decision by the Ninth Circuit, the court granted summary

judgment in favor of a former employer on the employee's constructive discharge claims, which

judgment was then certified for appeal under Rule 54(b).  422 F.3d at 875.  On appeal, the

OPINION AND ORDER                              3                              {WSB}

certification was found unwarranted because the 54(b) request did not "comport with the interest of sound judicial administration." *Id.* at 876. The appellate court found that the case would "inevitably" return on the "same set of facts" and noted that, according to the district court, Wood's constructive discharge claim was "closely related, factually and legally" to Wood's other claims. *Id.* at 879-80. Thus, according to the appellate court, while Wood's constructive discharge claim was "distinct" because it was an individual claim, it was "not truly separable," and granting the 54(b) request increased the likelihood of piecemeal appeals and duplication of proceedings. *Id.* at 879-80, 882.

The claims against PHS and WC are not truly separable from those of MC, and an entry of judgment at this point may result in piecemeal appeals and duplication of proceedings. Here, Plaintiff has brought claims against PHS, WC, and MC for "violation of his substantive due process rights under 42 U.S.C. § 1983 and a negligence claim under the Oregon Tort Claims Act for injuries sustained during the period of his incarceration." (Op. and Order ("Op.") 2.) Plaintiff's claims are based on his arrest and detention in WC, and his transfer to, and subsequent detention in, MC. (Op. 2-4.) Plaintiff's claims against PHS and WC are substantially the same as Plaintiff's claims against MC. Also, Plaintiff's claims against MC depend upon the facts of Plaintiff's arrest and detention in WC and transfer to MC. Thus, Plaintiff's claims against PHS, WC, and MC involve similar factual and legal issues, the separation of which may result in piecemeal appeals and the duplication of appellate proceedings. Therefore, sound judicial administration weighs against granting Defendants' motion.

Defendants' argument that granting the motion would promote sound judicial administration is unpersuasive. While the court may employ Rule 54(b) judgment to "streamline litigation," *Noel*

*v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009), it should be avoided unless the pressing need for early judgment outweighs the potential for piecemeal appeals, *Morrison-Knudsen*, 655 F.2d at 965. Defendants have not explained to the court why a pressing need for early judgment exists.[1]  Given the similarity of issues of fact and law, and that Defendants have not justified the necessity of granting their motion, to grant judgment under Rule 54(b) would not be efficient.

Furthermore, the equities of the case do not weigh in Defendants' favor.  In *Curtiss-Wright*, the court affirmed a Rule 54(b) certification because a litigant stood to lose money "because of the difference in interests rates" and because "debts in issue were liquidated and large, and ... absent Rule 54(b) certification they would not be paid for 'many months, if not years.'" 446 U.S. at 11.  In contrast, in *Wood v. GCC Bend*, a Ninth Circuit case in which an employee brought constructive discharge claims against a former employer, Wood "did not stand to gain or lose a significant amount of money unless the appeal [was] heard [immediately] rather than at the end of trial" and the court held certification was not warranted.  422 F.3d at 882, 883.  Here, Defendants argue that they will be prejudiced in their right to timely appeal, but have failed to give sufficient analysis as to why this is the case.  Defendants have not demonstrated that they will suffer significant financial harm or some other egregious harm.  In the court's view, Defendants' claim is they will be burdened by the potential of going to trial.  However, trial does not present an "undue burden" on the courts or on Defendants.  Thus, Defendants have not provided a convincing argument that the equities weigh in favor of granting their motion.

In conclusion, both sound judicial administration and the equities of the case weigh against

---

[1]Additionally, Plaintiff points out that were they to prevail against MC, they may decline to appeal entirely, which would certainly prevent piecemeal appeals and overloading the appellate docket.

granting Defendants' motion.  Thus, for the aforementioned reasons, this court denies Defendants' motion (#130).

<em>Conclusion</em>

For the reasons stated, Defendants' motion for Judgment is DENIED.

IT IS SO ORDERED.

DATED this 16 day of June, 2011

JOHN V. ACOSTA
United States Magistrate Judge